Lawrence C. Hersh, Esq.
lh@hershlegal.com
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIM CAIN, individually and as a representative of a class of participants and beneficiaries on behalf of the Siemens Savings Plan, | CIVIL ACTION NO.: |
| Plaintiff, | |
| Vs. | |
| SIEMENS CORPORATION; and DOES 1 to 10 inclusive | |
| Defendants. | |

## COMPLAINT

1. The Employee Retirement Income Security Act ("ERISA") requires plan fiduciaries to act "solely in the interest of the participants and beneficiaries," to do so "with the care, skill, prudence, and diligence" of a prudent person, and to refrain from "deal[ing] with the assets of the plan" in their own interest.  29 U.S.C. §§ 1104(a)(1), 1106(b)(1).

2. These statutory commands are violated where, as here, the employer (1) is both plan sponsor and plan administrator, (2) is faced with a conflict of interest in choosing between allocating plan assets toward offsetting its own contributions to the plan or defraying plan expenses that would otherwise be borne by plan participants, (3) fails to conduct any investigation as to which choice would be in the best interest of the participants, and (4) decides to allocate the plan assets toward reducing its own plan contributions because that choice best serves its own self-interest.

3. Plaintiff JIM CAIN ("Plaintiff"), a current participant in the Siemens Savings Plan ("Plan" or "Siemens Plan"), brings this ERISA action on behalf of the Plan under 29 U.S.C. §§ 1132(a)(2) and (3), and under Rule 23 of the Federal Rules of Civil Procedure as a representative of a class of participants and beneficiaries of the Plan, against Defendant SIEMENS CORPORATION ("Siemens" or the "Company") for breach of fiduciary duties and self-dealing.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this is an action under 29 U.S.C. §§ 1132(a)(2), (a)(3) for which federal district courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1).

/ / /

5. This district is the proper venue for this action under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2) because the Company administers the Plan out of its offices in Iselin, New Jersey, located in Woodbridge Township, Northern Middlesex County and, therefore, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

6. The Siemens Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. §§ 1002(2)(A) and 1002(34) and is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a).

7. Defendant Siemens is a multinational technology and manufacturing company focused on industry, infrastructure, transport, and healthcare.

8. In addition to being the Plan sponsor under 29 U.S.C. § 1002(16)(B), Siemens also serves as the Plan administrator under 29 U.S.C. § 1002(16)(A) through an Administrative Committee of the Company with broad authority over the administration and management of the Plan and its assets.

9. With respect to the matters alleged herein, Siemens was acting as a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(21)(A) because it exercised discretionary authority and responsibility in the administration of the Plan and exercised authority and control respecting the management and disposition of Plan assets.

10. Plaintiff is a resident of California, employed by Siemens in Sacramento, California, and is a current participant in the Seimens Plan whose account has been charged with a share of the Plan's administrative

expenses during the class period.

11. The defendants sued by the fictitious names DOES 1 through 10, inclusive, are Plan fiduciaries unknown to Plaintiff who exercise or exercised discretionary authority or discretionary control respecting the management of the Plan, exercise or exercised authority or control respecting the management or disposition of its assets, or have or had discretionary authority or discretionary responsibility in the administration of the Plan and are responsible or liable in some manner for the conduct alleged in the complaint. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained. Defendants Siemens and DOES 1 through 10 are referred to as "Defendants."

## FACTUAL ALLEGATIONS

12. In accordance with 29 U.S.C. § 1103(a), the assets of the Siemens Plan are held in a trust fund.

13. As an individual account, defined contribution retirement plan, the Siemens Plan "provides for an individual account for each participant and for benefits solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeiture of accounts of other participants which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

14. The Plan is funded by a combination of wage withholdings by Plan participants and Company contributions, each of which is deposited into the Plan's trust fund.

15. The Plan requires Siemens to make matching contributions into the Plan's trust fund on behalf of participants at specified percentages as detailed in the Plan document.

16. For most participants, the Plan requires Siemens to make matching contributions at a rate equal to 100% of the first 6% of eligible pay a participant contributes to the Plan's trust fund.

17. Upon their deposit into the Plan's trust fund, all participant contributions and Company contributions become assets of the Plan.

18. Participants in the Siemens Plan are immediately vested in their own contributions and earnings thereon.

19. Participants become 100% vested in the Company's matchings contributions and earnings thereon upon the completion of five years of service.

20. When a participant has a break in service prior to full vesting of the Company's contributions, the participant forfeits the balance of unvested contributions in his or her individual account and Defendants exercise discretionary authority and control over how these Plan assets (called "forfeitures") are thereafter reallocated.

21. Unless Defendants choose to reallocate forfeitures to defray Plan expenses, the Plan's expenses are charged to the participants' accounts.

22. The deduction of these expenses from the participants' accounts reduces the funds available to participants for distribution and/or investing and deprives the Plan of funds that otherwise would have been earned on the amounts deducted.

23. The Siemens Plan gives Defendants options with respect to reallocating forfeitures. Which of these options would be in the best interest of the participants depends on the particular facts and circumstances present at the time of the allocation decision.

24. Defendants may choose to use forfeitures to reduce the

Company's contributions to the Plan or to pay Plan expenses otherwise borne by participants.

25. The first option – using forfeitures to reduce the Company's contributions to the Plan – is always in Siemens' best interest because that option lowers the Company's contribution costs. However, that option might also be in the participants' best interest if there is a risk that Siemens would default on its contribution obligation to the Plan.

26. Absent a risk that Siemens would default on its contribution obligation to the Plan, the second option – using forfeitures to pay Plan expenses – is in the best interest of the Plan's participants because that option reduces or eliminates the amounts charged to their individual accounts to cover such expenses.

27. In choosing between the options for using forfeitures in the Plan, Defendants had a conflict of interest because they stood to benefit financially from choosing the first option and therefore had an incentive to choose the first option over the second option.

28. Despite the conflict of interest presented by this decision, Defendants failed to undertake any investigation into which option was in the best interest of the Plan's participants.

29. Defendants did not, for example, investigate whether there was a risk that Siemens would default on its contribution obligation if forfeitures were used to pay Plan expenses, or evaluate whether there were sufficient forfeitures to eliminate the Plan expenses charged to participants and still offset a portion of Siemens' own contribution obligation, as a prudent person would have done.

30. Defendants also failed to consult with an independent non-conflicted decisionmaker to advise them in deciding upon the best course

of action for allocating forfeitures, as a prudent person would have done.

31. Although ERISA requires Defendants to defray the Plan's expenses, *see* 29 U.S.C. § 1104(a)(1)(A)(ii), and although the Siemens Plan permits Defendants to use forfeitures to pay Plan expenses, throughout the class period Defendants consistently and reflexively declined to use any forfeitures for that purpose.

32. Instead, Defendants have consistently and reflexively chosen to act in their own self-interest, to the detriment of the Plan and its participants, by using all forfeitures to reduce Company contributions.

33. Throughout the class period, Siemens was in a sound financial position and was under no risk of defaulting on its contribution obligation to the Plan. Nevertheless, Defendants have consistently chosen to use all Plan forfeitures to reduce the Company's contributions to the Plan and none of the forfeitures to defray the Plan expenses borne by participants.

34. During 2018, Defendants decided to use all Plan forfeitures to reduce the Company's contributions to the Plan by approximately $8,832,370 rather than pay any part of the approximately $10,907,232 in Plan expenses charged to participants.

35. During 2019, Defendants decided to use all Plan forfeitures to reduce the Company's contributions to the Plan by approximately $5,734,282 rather than pay any part of the approximately $2,737,371 in Plan expenses charged to participants.

36. During 2020, Defendants decided to use all Plan forfeitures to reduce the Company's contributions to the Plan by approximately $5,591,877 rather than pay any part of the approximately $2,674,915 in Plan expenses charged to participants.

37. During 2021, Defendants decided to use all Plan forfeitures to reduce the Company's contributions to the Plan by approximately $7,763,328 rather than pay any part of the approximately $1,777,140 in Plan expenses charged to participants.

38. During 2022, Defendants decided to use all Plan forfeitures to reduce the Company's contributions to the Plan by approximately $6,743,003 rather than pay any part of the approximately $1,907,590 in Plan expenses charged to participants.

39. While Defendants' decisions to use Plan forfeitures to reduce Company contributions benefitted the Company by lowering its costs, they harmed the Plan and its participants by reducing the amount of contributions the Plan otherwise would have received and by causing deductions from participants' accounts to cover expenses that otherwise would have been covered in whole or in part by Plan forfeitures.

## CLASS ACTION ALLEGATIONS

40. 29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a).

41. In acting in this representative capacity and to enhance the due process protections of unnamed participants and beneficiaries of the Plan, as an alternative to direct individual actions on behalf of the Plan under 29 U.S.C. § 1132(a)(2), Plaintiff seeks to certify this action as a class action on behalf of all Siemens Plan participants and beneficiaries. Plaintiff seeks to certify the following class:

> All participants and beneficiaries of the Siemens Plan from six years prior to the filing of this action through

the date of judgment, excluding Defendants.

42. This action meets the requirements of Rule 23 and is certifiable as a class action for the following reasons:

    a.    The class includes over 30,000 members and is so large that joinder of all its members is impracticable.

    b.    There are questions of law and fact common to the class because Defendants owed fiduciary duties to the Plan and to all participants and beneficiaries and took the actions alleged herein as to the Plan and not as to any individual participant. Thus, common questions of law and fact include the following, without limitation: Did the fiduciaries of the Plan breach their fiduciary duties to the Plan with respect to their management and allocation of Plan assets? Did fiduciaries of the Plan engage in self-dealing with Plan assets? What are the losses to the Plan resulting from each alleged breach of ERISA? What Plan-wide equitable and other relief should the Court impose to remedy Defendants' alleged breaches?

    c.    Plaintiff's claims are typical of the claims of the class because Plaintiff was a participant of the Plan during the class period and all participants in the Plan were harmed by the same alleged misconduct by Defendants.

    d.    Plaintiff is an adequate representative of the class because he was a participant of the plan during the class period, has no interests that conflict with any other members of the class, is committed to the vigorous representation of the class, and has engaged experienced and competent attorneys to represent the class.

    e.    Prosecution of separate actions for these breaches of fiduciary duties and prohibited transactions by individual participants

and beneficiaries would create the risk of (A) inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their discharge of their fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (B) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties, self-dealing, and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests.  Therefore, this action should be certified as a class action under Rule 23(b)(1)(A) or (B).

43. A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all participants and beneficiaries is impracticable, the losses suffered by individual participants and beneficiaries may be small and impracticable for individual members to enforce their rights through individual actions, and the common questions of law and fact predominate over individual questions.  Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter, and Plaintiff is aware of no difficulties likely to be encountered in the management of this matter as a class action.  Alternatively, then, this action may be certified as a class under Rule 23(b)(3) if it is not certified under Rule 23(b)(1)(A) or (B).

44. Plaintiff's counsel, Hayes Pawlenko LLP, will fairly and adequately represent the interests of the Class and is best able to represent the interests of the class under Rule 23(g).

/ / /

## FIRST CLAIM
## BREACH OF FIDUCIARY DUTY OF LOYALTY
## (29 U.S.C. § 1104(a)(1)(A))

45. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. Pursuant to 29 U.S.C. § 1104(a)(1)(A), Defendants were required to discharge their duties to the Siemens Plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

47. Defendants have continually breached this duty of loyalty with respect to their control and management of the Plan's assets by choosing to use forfeitures in the Plan for the benefit of the Company rather than solely in the interest of the participants and beneficiaries.

48. Instead of acting solely in the interest of Plan participants by choosing to use forfeitures in the Plan to reduce or eliminate the expenses charged to their individual accounts, Defendants chose to use these Plan assets for the purpose of reducing its own contributions to the Plan, thereby saving the Company millions of dollars at the expense of the Plan which received decreased Company contributions and its participants and beneficiaries who were forced to incur avoidable expense deductions from their individual accounts.

49. In making this decision, Defendants were motivated primarily or exclusively by their own self-interest rather than the interest of the Plan's participants and beneficiaries.

/ / /

50. As a direct and proximate result of Defendants' fiduciary breaches described herein, the Plan suffered injury and loss for which they are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duty of loyalty.

51. Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

## SECOND CLAIM
## BREACH OF FIDUCIARY DUTY OF PRUDENCE
## (29 U.S.C. § 1104(a)(1)(B))

52. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

53. Pursuant to 29 U.S.C. § 1104(a)(1)(B), Defendants were required to discharge their duties with respect to the Siemens Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

54. Defendants have continuously breached their duty of prudence under 29 U.S.C. § 1104(a)(1)(B) throughout the class period by

declining to use the forfeitures in the Plan to eliminate or reduce the expenses charged to the participants' accounts and instead choosing to use such Plan assets to reduce the Company's own contributions to the Plan.

55. In deciding how to reallocate forfeitures, Defendants utilized an imprudent and flawed process. Despite the conflict of interest presented by this decision, Defendants failed to undertake any reasoned and impartial decision-making process to determine that using the forfeitures in the Plan to reduce the Company's own contribution expenses, as opposed to the expenses charged to the participants' accounts, was in the best interest of the participants or was prudent, and failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors.

56. By declining to use forfeitures in the Plan to eliminate or reduce the expenses charged to the participants' accounts, and instead choosing to use such Plan assets to reduce the Company's own contribution costs, Defendants caused the Plan to receive fewer contributions that otherwise would have increased Plan assets and caused participants to incur expense deductions from their individual accounts that otherwise would have been covered in whole or in part by utilizing forfeitures to pay the Plan's expenses.

57. As a direct and proximate result of Defendants' fiduciary breaches, the Plan suffered injury and loss for which Defendants are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duties.
/ / /

58. Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

## THIRD CLAIM
## SELF-DEALING
## (29 U.S.C. § 1106(b)(1))

59. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

60. 29 U.S.C. § 1106(b) provides that "[a] fiduciary with respect to a plan shall not," among other things, "deal with the assets of the plan in his own interest or for his own account."

61. Defendants violated this prohibition in their management and control of forfeitures in the Plan. By choosing to use these Plan assets as a substitute for their own contributions owing to the Plan, thereby saving themselves millions of dollars in contribution costs, Defendants dealt with the assets of the Plan in their own interest and for their own account.

62. As a result of their self-dealing, Defendants caused the Plan to suffer losses in the amount of the Plan assets that were substituted for employer contributions owing to the Plan and the lost investment returns on those assets.

/ / /

63. Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited conduct alleged in this claim, to restore to the Plan all assets and profits obtained through the use of Plan assets and is subject to other equitable or remedial relief as appropriate.

## **PRAYER FOR RELIEF**

For these reasons, Plaintiff, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, respectfully requests that the Court:

- find and declare that Defendants have breached their fiduciary duties and engaged in self-dealing;
- find and adjudge that Defendants are personally liable to make good to the Plan all losses resulting from each violation of ERISA, and to otherwise restore the Plan to the position it would have occupied but for these violations;
- order the disgorgement of all assets and profits secured by Defendants as a result of each violation of ERISA;
- determine the method by which Plan losses under 29 U.S.C. § 1109 should be calculated;
- order Defendants to provide all accounting necessary to determine the amounts Defendants must make good to the Plan under 29 U.S.C. § 1109(a);
- remove the fiduciaries who have breached their fiduciary duties and enjoin them from future ERISA violations;
- surcharge against Defendants and in favor of the Plan all amounts involved in any transactions which such accounting reveals were improper, excessive and/or in

  violation of ERISA;

- certify the class, appoint Plaintiff as a class representative, and appoint Hayes Pawlenko LLP as class counsel;
- award to Plaintiff and the class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and the common fund doctrine;
- order the payment of interest to the extent it is allowed by law; and
- grant other equitable or remedial relief as the Court deems appropriate.

DATED:  August 23, 2024    By:/s/Lawrence C. Hersh
                Lawrence C. Hersh, Esq.
                Attorney for Plaintiff