NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIM CAIN, individually and as a representative of a class of participants and beneficiaries on behalf of the Siemens Savings Plan,<br><br>                Plaintiff,<br>     v.<br>SIEMENS CORP.<br>                Defendant. | Civil Action No.: 24-8730<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant Siemens Corp.'s ("Defendant") motion to dismiss (ECF No. 24; *see also* ECF No. 25, "Br.") plaintiff Jim Cain's ("Plaintiff") First Amended Complaint (ECF No. 19, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed an opposition (ECF No. 28, "Opp."), and Defendant replied (ECF No. 30, "Reply"). The parties also submitted letters containing supplemental authorities in support of their arguments. *See* ECF Nos. 33–37. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss for lack of standing is denied, its motion to dismiss for failure to state a claim is granted, and Plaintiff's FAC is dismissed without prejudice.

**I.    BACKGROUND**[1]

Defendant is a multinational technology and manufacturing company that sponsors and administers an employee pension benefit plan[2] (the "Plan") that is subject to the Employee

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

[2] On a motion to dismiss, a court may "consider documents integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Motor v. Wesco Distribut.,*

Retirement Income Security Act ("ERISA"). FAC ¶¶ 6–8. Defendant administers the Plan through an Administrative Committee. *Id.* ¶ 8. Certain administrative expenses of the Plan, including fees for recordkeeping services, are charged to employee participants in the Plan as a fixed amount each month that is deducted from their individual accounts. *Id.* ¶ 23.

The Plan is funded by a combination of wage withholdings by Plan participants and contributions by Defendant, each of which is deposited into the Plan's trust fund. *Id.* ¶ 15. Participants are immediately vested in their own contributions and any earnings thereon. *Id.* ¶ 19. For most participants, the Plan requires Defendant to make matching contributions of 6% of eligible pay that a participant contributes each pay period. *Id.* ¶ 16–17. These employer contributions become 100% vested once participants have completed five years of service at the company. *Id.* ¶ 20. If a participant leaves the company before five years of service, he forfeits the balance of the unvested company contributions in his individual account. *Id.* ¶ 21.

Plaintiff asserts that Defendant exercises discretionary authority and control over how these sums ("Forfeitures") are then reallocated. *Id.* The Plan Document provides that Defendant can use the Forfeitures to either (1) pay up to $1,500,000 of annual administrative expenses of the Plan, other than expenses paid for by monthly charges to participants' accounts, or (2) to reduce the company's contributions to the Plan. *Id.* ¶ 27. Plaintiff, an employee of Defendant and participant in the Plan, alleges that Defendant has consistently used Forfeitures solely to reduce its

---

*Inc.*, 102 F.4th 172, 178 (3d Cir. 2024) (cleaned up). Defendant submitted copies of the pension benefit plan and an amendment to the plan as exhibits to an attorney declaration. *See* ECF No. 26, Exs. 1–2 (together, the "Plan Doc." or "Plan Document"). Plaintiff does not dispute the authenticity of the Plan Document. As Plaintiff's ERISA claims are based in part on the terms of the Plan Document, the Court will consider it in deciding this motion. *See Cope v. Hudson's Bay Co. Severance Pay Plan for US Emps. Amended*, No. 20-6490, 2023 WL 174960, at *4 (E.D. Pa. Jan. 12, 2023) (noting that "courts routinely consider plan documents" in motions to dismiss ERISA claims).

contributions to the Plan. *Id.* ¶¶ 10, 35. He further alleges that doing so harmed Plan participants because these Forfeitures could have been used to pay "asset-based administrative" costs to the participants that are not already covered by the monthly charge to the participants' accounts. *Id.* ¶¶ 24–25, 34.

Plaintiff initiated this lawsuit on August 23, 2024, and filed his amended complaint on November 13, 2024. ECF Nos. 1, 19. He seeks to represent a class of participants and beneficiaries of the Plan in challenging Defendant's usage of Forfeitures from 2018 through 2022. FAC ¶¶ 3, 37–41. Plaintiff asserts three claims under ERISA: (1) breach of the fiduciary duty of loyalty, 29 U.S.C. § 1104(a)(1)(A); (2) breach of the fiduciary duty of prudence, 29 U.S.C. § 1104(a)(1)(B); and (3) self-dealing, 29 U.S.C. § 1106(b)(1). *Id.* ¶¶ 48–66. Defendant moves to dismiss all three claims for lack of standing and for failure to state a claim. ECF Nos. 24–25.

## II.    LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### III. DISCUSSION

This case is one of numerous putative class actions filed in the past two years asserting a novel interpretation of ERISA. *See, e.g.*, *Hutchins v. HP Inc.* (*Hutchins I*), 737 F. Supp. 3d 851 (N.D. Cal. 2024); *Sievert v. Knight-Swift Transp. Holdings, Inc.*, No. 24-2443, 2025 WL 1248922 (D. Ariz. Apr. 30, 2025); *McWashington v. Nordstrom, Inc.*, No. 24-1230, 2025 WL 1736765 (D. Wash. June 23, 2025). Plaintiffs in these cases contend that plan administrators violate the statute by using Forfeitures to reduce their own contributions rather than to pay administrative costs charged to plan participants. *See, e.g.*, *Barragan v. Honeywell Int'l, Inc.*, No. 24-4529, 2024 WL 5165330 (D.N.J. Dec. 19, 2024); *Dimou v. Thermo Fisher Sci. Inc.*, No. 23-1732, 2024 WL 4508450 (S.D. Cal. Sept. 19, 2024). Although the Court finds that Plaintiff has standing, it agrees with the majority of courts to consider this theory and concludes that Plaintiff has failed to state a claim on all three counts.

#### A. Standing

The party invoking federal jurisdiction bears the burden of establishing both statutory and constitutional standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff is currently a participant in the Plan and therefore has statutory standing under ERISA's civil enforcement provisions. *See* 29 U.S.C. § 1132(a)(2)–(3). To establish constitutional standing, a plaintiff must show that (1) he suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury would likely be redressed by the requested judicial relief. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016). Defendant argues that Plaintiff lacks Article III standing because he has not suffered an injury in fact, and, even if successful in this action, a court order would not necessarily redress Plaintiff's injuries. Br. at 11–13.

Plaintiff has adequately alleged an injury in fact. He asserts that he suffered an economic injury because he had to pay additional administrative expenses out of his account that could have been defrayed by the Forfeitures. FAC ¶¶ 34. 36–42. These allegations are sufficient to show that Plaintiff has suffered a concrete and particularized economic injury attributable to Defendant's conduct. *See Dimou*, 2024 WL 4508450, at *3 (concluding that similar allegations sufficed to establish injury in fact); *McManus v. Clorox Co.*, No. 23-5325, 2024 WL 4944363, at *2 (N.D. Cal. Nov. 1, 2024) (same); *Wright v. JPMorgan Chase*, No. 25-525, 2025 WL 1683642, at *2 (C.D. Cal. June 13, 2025) (same).

Additionally, Plaintiff's injury is redressable by the requested relief. *Spokeo*, 578 U.S. at 338. Plaintiff seeks an order finding that Defendant's use of the Forfeitures is unlawful and requiring Defendant to restore resulting losses to participants' accounts. *See* FAC at 15–16. If Defendant cannot use the Forfeitures to reduce its own contributions, the only other permissible use would be to pay administrative expenses of the Plan. *See* Plan Doc. § 12. This would lower administrative costs to the participants, thus providing economic relief. *See Dimou*, 2024 WL 4508450, at *3 (concluding that similar requested relief sufficed to establish redressability). Plaintiff has therefore adequately alleged that his injury is redressable by the requested relief. Accordingly, Defendant's motion to dismiss for lack of standing is denied.

    **B.**    **Failure to State a Claim**

        **1. Breach of Duty of Loyalty and Prudence**

To state a claim for a breach of fiduciary duty under ERISA, Plaintiff must plausibly allege that "(1) a plan fiduciary (2) breache[d] an ERISA-imposed duty (3) causing a loss to the plan." *Barragan*, 2024 WL 5165330, at *4 (quoting *Leckey v. Stefano*, 501 F.3d 212, 225–26 (3d Cir. 2007), *as amended* (Dec. 21, 2007)). Defendant provides two reasons to dismiss Plaintiff's

5

fiduciary duty counts for failure to state a claim. First, Defendant contends that it was not acting as a plan fiduciary when reallocating Forfeitures. Br. at 15–17. Second, even if it was, Defendant argues that it did not breach any fiduciary duty. *Id.* at 17–34.

### i. Defendant Acted as a Plan Fiduciary

The threshold question for an ERISA breach of fiduciary duty claim is whether the defendant "was acting as a fiduciary 'when taking the action subject to complaint.'" *Barragan*, 2024 WL 5165330, at *3 (quoting *Pegram v. Hedrich*, 530 U.S. 211, 226 (2000)). ERISA provides:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Courts distinguish settlor acts from fiduciary acts. Settlor acts involve "decision[s] regarding the form or structure of the plan." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999); *see also Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 367 (2d Cir. 2014) (stating that settlor decisions include "establishing, funding, amending, or terminating the trust"). Fiduciary acts, on the other hand, "consist of such actions as the administration of the plan's assets." *McManus*, 2024 WL 4944363, at *4 (quoting *Hughes Aircraft*, 525 U.S. at 444). Thus, if Forfeitures are Plan assets, the decision to reallocate them is a fiduciary act.

Forfeitures are "plan assets" if they are "property owned by [the] ERISA plan." *Sec'y of Labor v. Doyle*, 675 F.3d 187, 203 (3d Cir. 2012). The Plan Document defines "Fund" as "the assets of the Plan held by the Trustee." Plan Doc. § 2.1(q). The "assets of the Plan" include "Employer Contributions" made by Defendant "to the Plan." *Id.* § 5.1(a). When Defendant makes

contributions, those funds are held in an "Employer Contribution Account." *Id.* § 6.1(d). If an employee does not complete five years of service, "the non-vested balance in his Employer Contribution Account" is forfeited, though this money remains in the Fund. *Id.* § 11.2. Thus, once Defendant pays the "Employer Contributions" into the Fund, they become Plan assets and remain so even if they are forfeited by an employee. *See Walsh v. Allen*, No. 17-784, 2022 WL 256312, at *4 (W.D. Ky. Jan. 26, 2022) (concluding that forfeitures are plan assets). Defendant's reallocation of Forfeitures is therefore a fiduciary act. *See Barragan*, 2024 WL 5165330, at *3; *Hutchins I*, 737 F. Supp. 3d at 860–61.

### ii. Defendant Did Not Breach Any Fiduciary Duty

ERISA imposes both a duty of loyalty and a duty of prudence. 29 U.S.C. § 1104(a)(1)(A)–(B). The duty of loyalty requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." *Id.* § 1104(a)(1)(A). The duty of prudence commands a fiduciary to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id.* § 1104(a)(1)(B).

Both parties agree that the Plan authorized Defendant to reallocate Forfeitures to reduce employer contributions. *See* FAC ¶ 27; Br. at 8–10. Plaintiff claims, however, that Defendant violated its fiduciary duties by choosing to reallocate the Forfeitures for this purpose rather than to defray asset-based administrative expenses for participants. *See* FAC ¶¶ 48–61. The Court agrees with Defendant and a growing number of district court decisions in rejecting Plaintiff's theory of liability under ERISA. *See Barragan*, 2024 WL 5165330, at *5; *Hutchins I*, 737 F. Supp.

7

3d at 862; *Hutchins v. HP Inc.* (*Hutchins II*), 767 F. Supp. 3d 912, 923 (N.D. Cal. 2025); *Wright*, 2025 WL 1683642, at *5; *Dimou*, 2024 WL 4508450, at *9; *Bozzini v. Ferguson Enters. LLC*, No. 22-5667, 2025 WL 1547617, at *2 (N.D. Cal. May 29, 2025); *Madrigal v. Kaiser Found. Plan, Inc.*, No. 24-5191, 2025 WL 1299002, at *4–5 (C.D. Cal. May 2, 2025); *Sievert*, 2025 WL 1248922, at *5; *McWashington*, 2025 WL 1736765, at *14–15.

Plaintiff's theory seeks to impose liability beyond the requirements of ERISA. The statute "does not mandate what benefits an employer must provide under a plan and does no more than protect the benefits which are due to an employee under a plan." *Hutchins I*, 737 F. Supp. 3d at 863 (citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996)). By Plaintiff's logic, a fiduciary would always be required to use Forfeitures to pay administrative costs even if the plan document gave it the option to reallocate those funds to reduce employer contributions. *See id.* at 862. This, in essence, would use the fiduciary duties of loyalty and prudence to create a new benefit to participants that is not provided in the plan document itself. *Id.* at 863; *see also US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100 (2013) (stating that ERISA's purpose is to protect the contractually defined benefits in written plan documents). This theory of liability is "too broad to be plausible." *Dimou,* 2024 WL 4508450, at *9.

Plaintiff's theory also conflicts with the Supreme Court's guidance in *Fifth Third Bancorp v. Dudenhoeffer*, which emphasized that the "the content of the duty of prudence turns on 'the circumstances . . . prevailing' at the time [of] the fiduciary acts." 573 U.S. 409, 425 (2014) (citing 29 U.S.C. § 1104(a)(1)(B)). Determining whether a fiduciary breached this duty is "necessarily . . . context specific." *Id*. Plaintiff's theory, however, "is not limited to any particular circumstances that may be present" in each case. *Barragan*, 2024 WL 5165330, at *4 (quoting *Hutchins I*, 737

8

F. Supp. 3d at 862). Instead, this theory would impose categorical liability anytime a company chose to use forfeitures to reduce its own contributions. *Hutchins I*, 737 F. Supp. 3d at 862.

Plaintiff's theory also contravenes the understanding of both Congress and the Treasury Department that ERISA permits plan administrators to use forfeitures to reduce employer contributions. *Hutchins I*, 737 F. Supp. 3d at 863–64; *see also Dimou,* 2024 WL 4508450, at *9; *Hutchins II*, 767 F. Supp. 3d at 922–23; *McManus*, 2024 WL 4944363, at *6. It would be difficult to square this understanding with a finding that the practice violates ERISA. Accordingly, Plaintiff has failed to state a claim for breach of fiduciary duty.[3]

### 2. Self-Dealing

Section 1106(b) generally "prohibits fiduciaries from entering into transactions with the plan tainted by conflict-of-interest and self-dealing concerns." *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 82 (3d Cir. 2012); *see also Danza v. Fidelity Management Tr. Co.*, 533 F. App'x 120, 126 (3d Cir. 2013) ("Section [1106](b)'s purpose is to prohibit transactions that might involve self-dealing by a fiduciary . . . ."). Section 1106(b)(1) specifically prohibits a fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account." 29 U.S.C. § 1106(b)(1). Defendant argues that Plaintiff's self-dealing claim under 29 U.S.C. § 1106(b)(1) fails because Plaintiff has not identified a prohibited transaction. Br. at 35–37. Plaintiff contends that section 1106(b)(1) does not require pleading a "transaction," and that it is sufficient to allege that

---

[3] Plaintiff relies on three cases to overcome these arguments, but the Court finds that these authorities do not provide reason to alter its conclusion. *See Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935, 944 (N.D. Cal. 2024) (determining that plaintiff's claims were plausible where, unlike here, she alleged that the plan administrator had violated the terms of the plan in reallocating forfeitures); *Perez-Cruet v. Qualcomm Inc.*, No. 23-1890, 2024 WL 2702207, at *1 (S.D. Cal. May 24, 2024) (permitting plaintiff's claims to proceed where defendant did not raise additional arguments present here); *McManus v. Clorox Company*, No. 23-5325, 2025 WL 732087, at *5 (N.D. Cal. Mar. 3, 2025) (finding the claims in plaintiff's amended complaint sufficiently context-specific despite "sparse" new factual allegations).

Defendant dealt with the assets of the Plan in its own interest when using the forfeitures to reduce its contributions to the Plan. Opp. at 23–28. Regardless of whether section 1106(b)(1) requires Plaintiff to plead a transaction, Plaintiff has failed to plausibly allege a self-dealing claim.

Plaintiff alleges that Defendant engaged in self-dealing by using Forfeitures "as a substitute for [its] own contributions owing to the Plan, thereby saving [it] millions of dollars in contribution costs." FAC ¶ 64. But all Plaintiff has alleged is that Defendant did something expressly permitted by the Plan Document. Plaintiff has not asserted any facts comparable to other section 1106(b)(1) violations. *See Iola*, 700 F.3d at 80 (stating that a defendant would violate section 1106(b)(1) if it had "misappropriated plan assets for its own account"); *Perez v. Koresko*, 86 F. Supp. 3d 293, 385 (E.D. Pa. 2015) (noting that a fiduciary violates section 1106(b)(1) "not only when it forwards money to itself, but also when it hires itself to perform work and then sets its own fees"). Further, as with his fiduciary duty theory, Plaintiff's self-dealing theory conflicts with the congressional and regulatory understanding that ERISA permits the reallocation of Forfeitures to reduce future employer contributions. *See Hutchins I*, 737 F. Supp. 3d at 863–64; *Dimou,* 2024 WL 4508450, at *9; *Hutchins II*, 767 F. Supp. 3d at 922–23. Accordingly, Plaintiff has failed to state a self-dealing claim.

IV.    **CONCLUSION**

Accordingly, for the reasons stated above, **IT IS** on this 31st day of July, 2025;

**ORDERED** that Defendant's motion to dismiss (ECF No. 24) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 19) is **DISMISSED** without prejudice; and it is further

10

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order. Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk of the Court is directed to mark this case as **CLOSED**.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**